IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| KIDRON ISRAEL FLAVOR, | : | |
| Plaintiff, | : | |
| VS. | : | NO. 3:23-CV-00073-CDL-CHW |
| MAGISTRATE JUDGE CONNIE HOLT, *et al.*, | : | |
| Defendants. | : | |

## ORDER

Presently pending before the Court are *pro se* Plaintiff Kidron Israel Flavor's Objections to the August 4, 2023 Order and Recommendation (ECF No. 8). On August 4th, the Court recommended dismissal of Plaintiff's claims against Defendant Holt as barred by judicial immunity and of Plaintiff's remaining claims because they were not properly joined to Plaintiff's claims against Defendant Holt. Plaintiff was advised that his claims would be dismissed without prejudice and that he could therefore re-file his claims in a complaint that fully complied with the joinder provisions of the Federal Rules of Civil Procedure. *See generally* Order & Recommendation, Aug. 4, 2023, ECF No. 8.

In his Objections, Plaintiff requests that the Court exercise its discretion to sever his misjoined claims rather than dismiss them and require him to refile them. Objs. 1, ECF No. 9. Plaintiff explains that although he paid the filing fee in this action, he does not have funds to file another civil case. *Id.* The Court also recognizes that federal law would likely prevent Plaintiff from proceeding *in forma pauperis* in a new lawsuit based on the claims

raised in his Complaint. 28 U.S.C. § 1915(g) prohibits a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

It appears Plaintiff has accrued more than three strikes pursuant to § 1915(g). *See, e.g., Flavor v. Jackson*, Case No. 1:21-cv-01581-TWT (N.D. Ga. May 19, 2021) (adopting recommendation to dismiss pursuant to § 1915(g)). And because Plaintiff is now housed in the Fulton County Jail, it is unlikely that he could be in imminent danger at the time he filed a new complaint based on the conduct of individuals located in Morgan County. *See, e.g., Owens v. Schwartz*, 519 F. App'x 992, 994 (11th Cir. 2013) (per curiam) (holding that "even if [prisoner] had been in imminent danger of serious physical injury from his cell mate and the failure of prison officials to protect him, that danger had passed" when he was transferred after he filed his complaint and "[a]n allegation of past imminent danger will not invoke the 'imminent danger' exception"). Plaintiff may therefore effectively be barred from refiling his dismissed claims. At the same time, however, Plaintiff may not attempt to circumvent § 1915(g) by paying a single filing fee but raising multiple, unrelated claims in one lawsuit. The Court therefore finds it appropriate to provide Plaintiff with an opportunity to file a recast complaint in this action that raises only <u>one</u> set of related claims.

The Court thus **WITHDRAWS** the August 4, 2023 Order and Recommendation and **ORDERS** Plaintiff to recast his Complaint on the Court's standard form within

**FOURTEEN (14) DAYS** of the date of this Order. The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must provide enough facts to plausibly demonstrate that each defendant's actions or omissions resulted in the violation of his constitutional rights.

To that end, it is recommended that, when drafting his statement of claims on the Court's form, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1)   *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's role in the unconstitutional conduct other than being in a supervisory role? Was the defendant personally involved in the constitutional violation? If not, did his actions otherwise cause the unconstitutional action? How do you know?

(2)   *When* and *where* did each action occur (to the extent memory allows)?

(3)   *How* were you injured as a result of this defendant's actions or decisions? If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4)   *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5)   *What* did this defendant do (or not do) in response to this knowledge?

(6)   *What* relief you seek from this defendant?

Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case; he need not attach supporting documents to his recast complaint, use legal terminology, or cite any specific statute or

case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. If, in his recast complaint, Plaintiff fails to link a named defendant to a claim, the claim will be dismissed. Likewise, if Plaintiff makes no allegations in the body of his recast complaint against a named defendant, that defendant will be dismissed.

Plaintiff is cautioned that the opportunity to file a recast complaint is not an invitation for him to include every imaginable claim that he may have against any state official. Plaintiff will not be permitted join claims against multiple defendants in this action unless Plaintiff can establish a logical relationship between the claims in accordance with the Federal Rules of Civil Procedure, as previously explained to Plaintiff. Plaintiff is also cautioned to fully and truthfully respond to each question presented on the standard form including but not limited to those questions regarding previous federal lawsuits and whether he has pursued grievances and exhausted his administrative remedies, or he risks dismissal of this case.

**The recast complaint will supersede (take the place of) the original Complaint (ECF No. 1) and any other documents that appear to contain factual allegations that may be relevant to this action. Plaintiff may include additional pages with the Court's standard form, but the recast complaint must be no longer than ten (10) pages in its entirety.** The Court will not consider any allegations in any other document, or any allegations not contained within those ten pages, to determine whether Plaintiff has stated an actionable claim. Accordingly, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another

filing.  The Clerk is **DIRECTED** to forward a copy of the § 1983 form marked with the case number of the above-captioned action to the Plaintiff.

Again, the August 4th Report and Recommendation (ECF No. 8) is **WITHDRAWN**, and Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to submit a recast complaint that focuses on a single set of related claims.  **If Plaintiff does not timely and fully comply with this Order, this action may be dismissed.**  Plaintiff is further **DIRECTED** to notify the Court immediately in writing of any change in his mailing address.  There shall be no service of process in this case until further order of the Court.

**SO ORDERED**, this 5th day of September, 2023.

                                                  s/ Charles H. Weigle
                                                  Charles H. Weigle
                                                  United States Magistrate Judge