# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | | |
|---|---|---|
| **KIDRON ISRAEL FLAVOR,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| VS. | : | NO. 3:23-CV-00073-CDL-CHW |
| | : | |
| **MAGISTRATE JUDGE CONNIE HOLT,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

## ORDER

Presently pending before the Court are the claims of *pro se* Plaintiff Kidron Israel Flavor, a recently-released former inmate, seeking relief pursuant to 42 U.S.C. § 1983. On September 5, 2023, the United States Magistrate Judge withdrew his previous Recommendation to dismiss Plaintiff's claims and gave Plaintiff the opportunity to recast his Complaint so that it included only a single set of related claims. Plaintiff was given fourteen (14) days to recast his Complaint on the Court's standard form, and he was warned that the failure to fully and timely comply could result in the dismissal of this action. *See generally* Order, Sept. 5, 2023, ECF No. 10.

In the meantime, Plaintiff was released from the Fulton County Jail and properly notified the Court of his new mailing address (ECF No. 11). On October 3, 2023, the September 5th Order was returned to the Court as undeliverable, but the Clerk mailed Plaintiff another copy of the September 5th Order to Plaintiff's new address that same day (ECF No. 12). The time for compliance nevertheless passed without a response from

Plaintiff. Plaintiff was therefore ordered to respond and show cause why his lawsuit should not be dismissed for failing to comply with the Court's orders and instructions. Plaintiff was given fourteen (14) days to respond, and he was again warned that the failure to fully and timely comply could result in the dismissal of this case. *See generally* Order, Nov. 8, 2023, ECF No. 13.

The time for compliance has again passed without a response from Plaintiff. Neither the second copy of the September 5th Order nor the Show Cause Order have been returned to the Court as undeliverable, and there has been no other indication that Plaintiff did not receive those documents at the new mailing address he provided the Court. As Plaintiff was previously warned, the failure to comply with the Court's orders and instructions is grounds for dismissing this case. This action is therefore **DISMISSED without prejudice**. *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).[1]

**IT IS SO ORDERED**, this **12th** day of **December, 2023**.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.